

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2008

# CBS Corporation v. FCC

Precedential or Non-Precedential: Precedential

Docket No. 06-3575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"CBS Corporation v. FCC" (2008). *2008 Decisions.* Paper 598.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/598

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3575

_____

CBS CORPORATION;
CBS BROADCASTING INC.;
CBS TELEVISION STATIONS, INC.;
CBS STATIONS GROUP OF TEXAS L.P.;
and KUTV HOLDINGS, INC.,
                                        Petitioners

v.

FEDERAL COMMUNICATIONS COMMISSION;
UNITED STATES OF AMERICA,
                                        Respondents

_____

On Petition for Review of Orders of the
Federal Communications Commission
FCC Nos. 06-19 and 06-68

_____

Argued September 11, 2007

Before:  SCIRICA, *Chief Judge*, RENDELL and FUENTES, *Circuit Judges*.

**ORDER AMENDING OPINION**

IT IS HEREBY ORDERED that the precedential opinion in the above-captioned case, filed July 21, 2008, be amended as follows:

Pages 18-19, footnote 7, which read:
  "*See In re Infinity Broad. Corp.*, 37 F.C.C.R. 930, ¶ 5 (1987), *vacated in part on other grounds*, *Action for Children's Television v. FCC*, 852 F.2d 1332, 1337 (D.C. Cir. 1988) ("*ACT I*"), *superseded by Action for Children's Television v. FCC*, 58 F.3d 654 (D.C. Cir. 1995) (en banc) ("*ACT II*")."

shall read:

> "*See In re Infinity Broad. Corp.*, 37 F.C.C.R. 930, ¶ 5 (1987), *vacated in part on other grounds*, *Action for Children's Television v. FCC*, 852 F.2d 1332 (D.C. Cir. 1988), *superseded in part by Action for Children's Television v. FCC*, 58 F.3d 654 (D.C. Cir. 1995) (en banc)."

Page 19, footnote 8, which read:

> "As described in greater detail *infra*, subsequent litigation determined what time of day broadcasters could reasonably air indecent programming without expecting children to be in the audience.  The D.C. Circuit Court of Appeals rejected a total ban on indecency, instructing the FCC to identify a precise time period during which broadcasters could air indecent material. *See ACT I*, *supra*.  In response, the Commission adopted the safe-harbor rule of 47 C.F.R. § 73.3999. After further instruction from the D.C. Circuit in 1995, *ACT II*, *supra*, the Rule was amended to its current form, which confines enforcement of indecency restrictions to the hours "between 6:00 a.m. and 10:00 p.m."  *See* 47 C.F.R. § 73.3999; *In re Enforcement of Prohibitions Against Broadcast Indecency in 18 U.S.C. § 1464*, 10 F.C.C.R. 10558 (1995)."

shall read:

> "As described in greater detail *infra*, subsequent litigation determined what time of day broadcasters could reasonably air indecent programming without expecting children to be in the audience.  The D.C. Circuit Court of Appeals rejected a total ban on indecency, instructing the FCC to identify a precise time period during which broadcasters could air indecent material. *See Action for Children's Television v. FCC,* 932 F.2d 1504 (D.C. Cir. 1991) ("*ACT I*"), *superseded in part by Action for Children's Television v. FCC*, 58 F.3d 654 (D.C. Cir. 1995) (en banc) ("*ACT II*").  In response, the Commission adopted the safe-harbor rule of 47 C.F.R. § 73.3999.  After further instruction from the D.C. Circuit in 1995, *ACT II*, the Rule was amended to its current form, which confines enforcement of indecency restrictions to the hours "between 6:00 a.m. and 10:00 p.m."  *See* 47 C.F.R. § 73.3999; *In re Enforcement of Prohibitions Against Broadcast Indecency in 18 U.S.C. § 1464*, 10 F.C.C.R. 10558 (1995)."

Page 33, footnote 12, which read:

> "It was undisputed that the FCC changed its policy on fleeting expletives in *Golden Globes*, which was decided prior to *Fox*. But as the *Fox* court explained, the actual moment the agency changed its course was not pertinent in determining whether the change was valid under *State Farm*:

> [W]e . . . reject the FCC's contention that our review here is narrowly confined to the specific question of whether the two Fox broadcasts . . . were indecent. The [*Fox Remand Order*] applies the policy announced in *Golden Globes*. If that policy is invalid, then we cannot sustain the indecency findings against *Fox*. Thus, as the Commission conceded during oral argument, the validity of the new "fleeting expletive" policy announced in Golden Globes and applied in the [*Fox Remand Order*] is a question properly before us on this petition for review.

*Fox*, 489 F.3d at 454. To hold otherwise would create a situation ripe for manipulation by an agency. *Cf. ACT I*, *supra*, 852 F.2d at 1337 ("[A]n agency may not resort to [ad hoc] adjudication as a means of insulating a generic standard from judicial review.")."

shall read:

"It was undisputed that the FCC changed its policy on fleeting expletives in *Golden Globes*, which was decided prior to *Fox*. But as the *Fox* court explained, the actual moment the agency changed its course was not pertinent in determining whether the change was valid under *State Farm*:

> [W]e . . . reject the FCC's contention that our review here is narrowly confined to the specific question of whether the two Fox broadcasts . . . were indecent. The [*Fox Remand Order*] applies the policy announced in *Golden Globes*. If that policy is invalid, then we cannot sustain the indecency findings against *Fox*. Thus, as the Commission conceded during oral argument, the validity of the new "fleeting expletive" policy announced in Golden Globes and applied in the [*Fox Remand Order*] is a question properly before us on this petition for review.

*Fox*, 489 F.3d at 454. To hold otherwise would create a situation ripe for manipulation by an agency. *Cf. Action for Children's Television v. FCC*, 852 F.2d 1332, 1337 (D.C. Cir. 1988), *superseded in part by ACT II, supra* note 8 ("[A]n agency may not resort to [ad hoc] adjudication as a means of insulating a generic standard from judicial review.")."

BY THE COURT,

/s/ Anthony J. Scirica
Chief Judge

DATED: August 6, 2008

3